```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


CHAKA KWANZAA,                    :
                                  :    Civil Action No. 11-4801 (RMB)
            Petitioner,           :
                                  :
        v.                        :    OPINION
                                  :
ADMINISTRATOR HUGHES,             :
                                  :
            Respondent.           :
```

**APPEARANCES:**

    **CHAKA KWANZAA**, Petitioner pro se
    802 N. Maryland Ave., Apt. C
    Atlantic City, New Jersey 08401

**BUMB**, District Judge

This matter is before the court pursuant to a petition for a writ of habeas corpus under 28 U.S.C. § 2254, filed by petitioner Chaka Kwanzaa ("Kwanzaa"), challenging state prison disciplinary actions that occurred in 1999, and which allegedly resulted in the loss of 390 days commutation credits. For the reasons stated below, the petition will be dismissed with prejudice as untimely and moot.

I.  BACKGROUND

According to the allegations contained in the petition, Kwanzaa is challenging prison disciplinary actions taken against him in 1999. These actions resulted in the loss of 390 days of good time credits. Kwanzaa alleges that he had appealed these state prison disciplinary actions to the Superior Court of New

Jersey, Appellate Division, and that the Appellate Division reversed the prison disciplinary findings in an unpublished opinion on July 21, 2003 in Kwanzaa v. DOC, A-5087-01 (N.J. Super. A.D. July 21, 2003).

Kwanzaa admits that he has attempted to challenge these prison disciplinary matters in several 42 U.S.C. § 1983 complaints.  He relates that he had filed a § 1983 action, Kwanzaa v. Mee, et al., Civil No. 09-5132 (SRC), which is currently pending, but his claims regarding the 1999 prison disciplinary actions and loss of commutation credits had been dismissed as time-barred.  See June 28, 2011 Opinion in Kwanzaa v. Mee, et al., Civil No. 09-5132 (SRC), at docket entry no. 6.

Kwanzaa also mentions other earlier actions he has filed with regard to this issue.  This Court takes judicial notice of Kwanzaa's federal court actions in this District.  In particular, Kwanzaa had raised claims in several § 1983 complaints concerning the very same 1999 prison disciplinary action at issue herein, all of which either the entire complaint was dismissed, see Kwanzaa v. Morton, et al., Civil No. 98-2709 (AET); Doe v. Knowles, et al., Civil No. 03-3956 (AET),[1] or the particular claims were dismissed, see Kwanzaa v. Brown, et al., Civil No.

---

[1] Kwanzaa timely appealed this second action, Doe v. Knowles, et al., Civil No. 03-3956 (AET), but the Third Circuit dismissed the appeal for failure to prosecute.  See Kwanzaa v. Knowles, et al., Civil No 05-1928 (3d Cir. June 6, 2005)(order dismissing appeal).

05-5976 (RMB).  Kwanzaa had filed a motion for reconsideration with respect to renewing the claim in Civil No. 05-5976 (RMB).  In an Opinion and Order issued November 17, 2009, this Court denied reconsideration, finding that Kwanzaa's claims regarding the 1999 disciplinary action and classification issue were time-barred and no equitable tolling applied.  In the November 17, 2009 Opinion and Order, this Court also granted summary judgment in favor of the remaining defendants in that action with respect to his then-surviving claims brought in the 2005 action.  Consequently, Kwanzaa has attempted to relitigate this claim for many years without success via a civil rights action under § 1983.  However, this appears to be the first time Kwanzaa sought to gain habeas relief with respect to this 1999 prison disciplinary issue that resulted in the loss of 390 days commutation credit.

    Kwanzaa seeks his immediate release from prison.  It appears that Kwanzaa was released from prison on or before March 1, 2012.  He filed a notice of change of address with the Court, which was received on March 1, 2012, indicating that he now resides at 802 Maryland Avenue, Apt. C in Atlantic City, New Jersey.  (Docket entry no. 3).  The New Jersey Department of Corrections ("NJDOC") inmate search engine shows that Kwanzaa was released from the Southern State Correctional Facility on February 14, 2012.  <u>See</u> <u>https://www6.state.nj.us/DOC_Inmate/details?x=1062110&n=0</u>.

## II.  ANALYSIS

A.  Pro Se Pleading

Kwanzaa brings his habeas petition as a pro se litigant.  A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

B.  Habeas Claim Is Time-Barred

Kwanzaa is not challenging his state court judgment of conviction in this § 2254 habeas action.  Rather, he is challenging a decision by a New Jersey state agency, the NJDOC, which imposed sanctions against Kwanzaa for prison disciplinary violations in 1999.  One of the sanctions was the loss of 390 days of commutation credit.  The other sanctions pertained to the conditions of his confinement.

Kwanzaa had appealed these sanctions before the Superior Court of New Jersey, Appellate Division, which had reversed the prison disciplinary findings in an unpublished opinion on July 21, 2003.  However, Kwanzaa did not file this habeas action until

August 12, 2011, more than eight years after the Appellate Division issued its decision.

Consequently, this action is now time-barred. (See Kwanzaa v. Brown, et al., Civil No. 05-5976 (RMB), docket entry no. 5, at pg. 57 fn 20; and Kwanzaa v. Mee, et al., Civil No. 09-5132 (SRC), docket entry no. 6, at pp. 16-18). Kwanzaa filed this habeas action only after his earlier § 1983 claims regarding this same issue concerning the loss of 390 days of commutation credit had been dismissed with prejudice as time-barred. (Id.). The dismissal of his § 1983 claims does not render his habeas action as timely. Therefore, this habeas action will be dismissed with prejudice as moot.

C. Habeas Claim is Now Moot

Alternatively, Kwanzaa's habeas action seeking his immediate release from prison is now rendered moot because he has been released from state custody on February 14, 2012.

Generally, a case becomes moot when the issues presented no longer present a live controversy or the parties lack a cognizable interest in the outcome. See County of Morris v. Nationalist Movement, 273 F.3d 527, 533 (3d Cir. 2001); Spencer v. Kemna, 118 S.Ct. 978, 983 (1998); Powell v. McCormack, 395 U.S. 486 (1969). Since the only claim in this matter seeks Kwanzaa's immediate release from state prison related to his challenge of a prison disciplinary action, and not a challenge to

5

his New Jersey state court judgment of conviction, and Kwanzaa has since been released from prison on February 14, 2012, as confirmed by the NJDOC Offender Search website, Kwanzaa's habeas petition is rendered moot, and the petition should be dismissed accordingly for lack of jurisdiction.  See Lusardi v. Xerox Corp., 975 F.2d 964, 974 (3d Cir. 1992).

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 1537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in

6

its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find the court's procedural disposition of this case debatable. Accordingly, no certificate of appealability will issue.

## IV. CONCLUSION

For the foregoing reasons, this Court finds that this habeas petition is time-barred, and that the action is now rendered moot because Kwanzaa has been released from prison, which was the sole relief he sought in his habeas petition. Therefore, this § 2254 habeas petition will be dismissed with prejudice. No certificate of appealability will issue, insofar as petitioner has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). Kwanzaa's application for assignment of pro bono counsel also will be dismissed as moot.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

DATED: April 24, 2012